# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 8953 | **DATE** | 9/6/2002 |
| **CASE TITLE** | ALEX REZAI vs. SHURE, INC. | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]     The motion to dismiss the amended complaint is granted in part and denied in part. The claims for failure to promote and harassment in Counts I, III, IV, V, VI, VII, VIII, and IX are dismissed with prejudice. The failure to promote claim in Count II is dismissed with prejudice. The motion is denied in all other respects. Defendant shall answer all surviving claims by September 16, 2002. ENTER MEMORANDUM OPINION AND ORDER.     *Suzanne B. Conlon*

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | number of notices | | Document Number |
|---|---|---|---|---|---|
| | No notices required. | | | | |
| ✓ | Notices mailed by judge's staff. | | SEP 1 0 2002 | | 18 |
| | Notified counsel by telephone. | | date docketed | | |
| | Docketing to mail notices. | | | | |
| | Mail AO 450 form. | | 9/6/2002 | | |
| | Copy to judge/magistrate judge. | U.S. DISTRICT COURT | date mailed notice | | |
| CB | courtroom deputy's initials | 02 SEP -9 AM 11:52 | PW | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**DOCKETED**

SEP 1 0 2002

ALEX REZAI,                     )
                               )
                Plaintiff,      )      No. 01 C 8953
                               )
        v.                      )      Suzanne B. Conlon, Judge
                               )
SHURE, INC.,                    )
                               )
                Defendant.      )

## MEMORANDUM OPINION AND ORDER

Alex Rezai sues his former employer, Shure, Inc. for national origin, religious, and sex-based

discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et

seq.; discrimination based on national origin under 42 U.S.C. § 1981; and age discrimination in

violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623(a)(1), et seq.

Shure moves to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).[1]

## BACKGROUND

For purposes of a motion to dismiss, the court accepts all well-pleaded allegations in the

complaint as true and draws all reasonable inferences in favor of the nonmovant. *Stachon v. United*

*Consumers Club, Inc.*, 229 F.3d 673, 675 (7th Cir. 2000). Rezai is a forty-five year old male United

States citizen of Iranian descent. Am. Compl. at ¶ 1. Shure, Rezai's former employer, is an Illinois

---

[1]Plaintiff filed his amended complaint on June 17, 2002. Under Fed. R. Civ. P. 15(a),
Shure had ten business days (until July 1, 2002) in which to respond. However, Shure responded
with an answer on August 1, 2002 – thirty-one days late. Shure was technically in default.

1

corporation, headquartered in Evanston, Illinois. *Id.* at ¶ 2. In December 1992, Shure hired Rezai as an international sales manager. *Id.* at ¶ 9. On October 18, 2000, Shure terminated Rezai's employment. *Id.* at ¶ 54.

Rezai alleges that he consistently increased Shure's sales and profitability, surpassing production requirements and expectations. *Id.* at ¶¶ 12-14. Rezai contends, however, that between 1993 and 1994, his immediate supervisor Jane Wilke, a co-worker Nora Justice and Wilke's immediate supervisor Jim Furst became personally hostile towards him. *Id.* at ¶ 24. Rezai maintains that Wilke, Justice, and Furst regularly made derogatory comments about his national origin, religion, gender, and age. *Id.* at ¶ 27. On several occasions, Rezai contends, Wilke, Justice, and Furst addressed him as "camel jockey," "turban head," "towel head," or "Ayatolla Khomeni." *Id.* at ¶ 28. Rezai asserts that Wilke, Justice, and Furst complained about Rezai "having to pray five or six times a day," and made disparaging remarks about his religion, equating it with "terrorism." *Id.* at ¶¶ 32, 31. Rezai also alleges that Wilke and Justice repeatedly discussed with other employees how difficult it was to imagine someone "as old and fat as [Rezai] having sex with his wife." *Id.* at ¶ 33. According to Rezai, Wilke and Justice frequently exchanged sexist jokes about Rezai with other employees. *Id.* at ¶ 36.

In 1997, Rezai maintains that the animosity of supervisors and coworkers resulted in limiting his number of sales territories despite his excellent record. *Id.* at ¶¶ 48-49. On October 18, 2000, Shure terminated Rezai's employment. *Id.* at ¶ 54. Rezai alleges that he received no warning he would be terminated and that he was fired for his "misconduct." *Id.* at ¶¶ 55-56.

On June 29, 2001, Rezai filed charges against Shure with the United States Equal Employment Opportunity Commission ("EEOC"). *Id.* at ¶ 6. On August 20, 2001, the EEOC issued Rezai a Notice of Right to Sue under Title VII and the ADEA. *Id.* at 7.

## DISCUSSION

### I. Motion to Dismiss

In ruling on a motion to dismiss, the court considers "whether relief is possible under any set of facts that could be established consistent with the allegations." *Pokuta v. Trans World Airlines, Inc.*, 191 F.3d 834, 839 (7th Cir.1999) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). A claim may be dismissed only if there are no sets of facts that would entitle the plaintiff to relief based on the allegations in the complaint. *Conley*, 355 U.S. at 45- 46. A motion to dismiss tests the sufficiency of the complaint, not its merits. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990).

In its motion to dismiss, Shure often refers to and attaches the EEOC charge, which was not attached to Rezai's amended complaint. Under Fed. R. Civ. P. 12(b)(6), "If, on a motion . . . to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment." Rezai urges the court to consider these as exhibits and treat Shure's motion as one for partial summary judgment.

Although the EEOC charge was not attached to Rezai's amended complaint, "documents attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to his claim. Such documents may be considered by a district court in ruling on the motion to dismiss." *188 LLC v. Trinity Industries, Inc.*, 2002 WL 1767381,

3

*3 (N.D.Ill. 2002) (citing *Wright v. Assoc. Ins. Cos. Inc.*, 29 F.3d 1244, 1248 (7th Cir.1994). "'[T]his is a narrow exception' to the general rule that when additional evidence is attached a motion to dismiss, 'the court must either convert the 12(b)(6) motion into a motion for summary judgment under Rule 56 . . . or exclude the documents attached to the motion to dismiss and continue under Rule 12.'" *Id. (citing Levenstein v. Salafsky*, 164 F.3d 345, 347 (7th Cir. 1998)). Therefore, the court will consider the EEOC charge because it is referred to in Rezai's complaint and central to his claims. The motion will not be treated as a summary judgment motion.

## II. Title VII and ADEA Claims

Rezai alleges six claims under Title VII (Counts I, IV, V, VII, VIII, IX) and two claims under the ADEA (Counts III, VI) on theories of discriminatory termination, failure to promote, and harassment based on national origin, religion, and sex. Shure contends that Rezai's failure to promote and harassment claims should be dismissed because (i) they were not included in his EEOC charge or related thereto, and (ii) they are time-barred.[2]

As a general rule, a plaintiff may not bring Title VII claims that were not included in his EEOC charge. *Alexander v. Gardner- Denver Co.*, 415 U.S. 36, 47 (1974). It is a condition precedent with which Title VII plaintiffs must comply. *Babrocky v. Jewel Food Co.*, 773 F.2d 857, 864 (7th Cir.1985). This rule affords the EEOC and the employer an opportunity to settle the dispute through conference, conciliation, and persuasion. *Gardner-Denver*, 415 U.S. at 44. The rule also gives the employer some warning of the conduct about which the employee is aggrieved. *Rush v.*

---

[2]For the sake of clarity, Shure does not seek to dismiss Razai's claims of discriminatory termination under Title VII and the ADEA, which are contained in Counts I, III, IV, and VIII. Those portions of the complaint are untouched by this ruling.

*McDonald's Corp.*, 966 F.2d 1104, 1110 (7th Cir. 1992); *Schnellbaecher v. Baskin Clothing Co.*, 887 F.2d 124, 127 (7th Cir. 1989).

Because of the complicated statutory scheme of Title VII and the fact that laymen unassisted by trained lawyers initiate the litigation process, the court must construe the charges with "utmost liberality." *Love v. Pullman Co.*, 404 U.S. 522, 527 (1972); *Babrocky*, 773 F.2d at 866. Claims that are not explicitly mentioned in the EEOC charge, therefore, may come within the scope of the charge if the theory of discrimination is "'like or reasonably related to the allegations of the charge and growing out of such allegations." *Jenkins v. Blue Cross Mutual Hospital Insurance, Inc.*, 538 F.2d 164, 167 (7th Cir. 1976) (en banc). The *Jenkins* test is satisfied if "there is a reasonable relationship between the allegations in the charge and the claims in the complaint, and the claim in the complaint can reasonably be expected to grow out of an EEOC investigation of the allegations in the charge." *Cheek v. Western and Southern Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994).

Rezai urges the court to find that his additional claims of failure to promote and harrassment are properly related to his general charge of discrimination. Rezai cites *Hillman v. Chicago School Reform Board*, 131 F. Supp. 2d 973 (N.D. Ill. 2001). In *Hillman*, the plaintiff asserted in his EEOC charge a defined allegation of "retaliatory layoff" and a vague charge of "some other discrimination." *Id.* at 975. The court clarified that a demotion constituted "some other discrimination" as referenced in the charge. *Id.*

Rezai also cites *Juszczak v. Blommer Chocolate Co.*, 1999 WL 1011954 (N.D. Ill. 1999), in which the plaintiff's EEOC charge asserted a defined charge of retaliation and a vague charge of discrimination. The charge stated, "I believe that I have been discriminated against and retaliated against because of my disability . . . ." *Id.* at *5. The court held that an investigation of plaintiff's

hostile work environment claims could have developed from his general discrimination charge. *Id.* at *8.

In Rezai's EEOC charge, he indicated the cause of Shure's alleged discrimination by selecting the "sex," "national origin," "age," and "disability" boxes on the EEOC form. Pl. Res. to Def. Mot. to Dismiss at Ex. C. Rezai indicated his hiring date and his date of discharge. *Id.* He also alleged a broad charge of discrimination. "I believe that I was discriminated against because of my national origin, Iranian, and sex, male, . . . my age, 43, . . . and my disability." *Id.*

Rezai's EEOC charge does not mention Shure's failure to promote Rezai or any harassment directed toward him. Further, unlike *Hillman* and *Juszczak*, Rezai's charge leaves the court no room to clarify, only to add. Rezai's general allegation of "discrimination" does not involve a vague term in need of clarification, but rather describes the reason for his discharge. Rezai's additional claims of failure to promote and harassmsent are not related to his EEOC charge of discriminatory discharge. In addition, under the *Jenkins* test, Rezai's claims of failure to promote and harassment do not *grow out of* a charge of wrongful termination. *Jenkins*, 538 F.2d at 167.

In *Davis v. Quebecor World*, 2002 WL 27660 (N.D.Ill. 2002), the plaintiff's EEOC charge asserted "unwarranted disciplinary action for attendance violations, and Quebecor's failure to restore his seniority status." *Id.* at *2. The defendant asserted that the plaintiff could not sue for his layoff or termination because it was not raised in his EEOC complaint. *Id.* However, Davis' termination was a consequence of the action in his EEOC charge allegations, and thus the court held it reasonably related to his EEOC charge. *Id.* Similarly, in *Stroup v. J.L. Clark*, 2001 WL 114404 (N.D.Ill. Feb. 2, 2001), the court held that where termination is a result of EEOC charge allegations, a termination claim is reasonably related. *Id.* at *3.

Rezai's failure to promote and harassment claims were not a result of his EEOC termination charge allegations. Termination did not lead to alleged failure to promote or harassment. The failure to promote and harassment claims are not reasonably related to discriminatory discharge.

Finally, because Rezai's claims of failure to promote and harassment are not reasonably related to his EEOC charge of discriminatory discharge, the court need not address Shure's statute of limitations argument. Accordingly, the motion will be granted as to the claims of failure to promote and harassment in Counts I, III, IV, V, VI, VII, VIII, and IX.

## III. 42 U.S.C. § 1981

Rezai advances claims under 42 U.S.C. § 1981 (Count II) for wrongful termination and failure to promote based on national origin. Shure moves for dismissal of both claims, arguing that (i) Rezai fails to allege any discriminatory acts that interfered with his ability to make and enforce contracts, (ii) claims based upon national origin are not cognizable under § 1981, and (iii) the claims are time-barred.

First, Shure argues the amended complaint fails to state specific acts of discrimination that involve his ability to make and enforce contracts. Section 1981 prohibits racial discrimination with respect to making and enforcing contracts. 42 U.S.C. § 1981. But the Seventh Circuit has explicitly held that an employer's discriminatory termination, modification, or performance of an employment contract provides ample grounds to bring an action under § 1981. *Gonzalez v. Ingersoll Milling Machine Co.*, 133 F.3d 1025, 1034 (7th Cir. 1998). The Seventh Circuit has also found discriminatory failure to promote claims within the ambit of § 1981. *See Malacara v. City of Madison*, 224 F.3d 727, 728-29 (7th Cir. 2000); *Van Zuckerstein v. Argonne National Labs*, 984

7

F.2d 1467, 1472 (7th Cir. 1993). Thus, Razai's allegations of discriminatory termination and failure to promote are sufficiently specific acts to formulate an action under § 1981.

Second, Shure argues that claims based upon national origin are not cognizable under § 1981, which is designed to remedy discrimination based upon race and ethnicity. In his complaint, Razai alleges he is of Iranian national origin, and that Shure discriminated against him in violation of § 1981. Am. Compl. at ¶ 8.

The line between national origin and race or ethnicity claims under § 1981 is not bright. *St. Francis College v. Al-Khazraji*, 481 U.S. 604, 613 (1987). However, under *St. Francis College*, "[i]f [Razai] can prove that he was subjected to intentional discrimination based on the fact that he was born an Arab, rather than solely on the place or nation of his origin, or his religion, he will have made out a case under § 1981." *Id.* at 613. Indeed, in *Lopez v. S.B. Thomas*, 831 F.2d 1184, 1188 (2d Cir. 1987), the Second Circuit allowed § 1981 actions to be brought under the premise of discrimination based on national origin.

Rezai's complaint raises allegations that Shure discriminated against him because of his Arabic heritage, not solely on the place of his origin. Epithets such as "towel head" and "camel jockey" may constitute evidence of discriminatory intent based on Rezai's Arab ethnicity, not solely his Iranian birthplace.

Third, Shure argues that Rezai's claims under § 1981 should be dismissed because they are time-barred. The limitations period for claims under § 1981 is two years, calculated from the date of the filing of the complaint. *Booker v. Ward*, 94 F.3d 1052, 1056 (7th Cir. 1996). Rezai's first claim of discriminatory discharge filed on June 17, 2002 for his discharge on October 18, 2000, falls within the two-year period. Shure contends that Rezai's failure to promote claim is untimely,

8

because his allegation of demotion in 1997 occurred more than two years before the filing of his amended complaint on June 17, 2002.

Rezai attempts to avoid this defense by arguing that Shure's failure to promote is a continuing violation, and that his allegation of demotion was only an example of seven years of continuing discrimination that occurred within the limitations period. The continuing violations doctrine permits a plaintiff to satisfy the statute of limitations by linking one or more otherwise time-barred acts to a discriminatory act that occurred within the limitations period. "A continuing violation is one that could not reasonably have been expected to be made the subject of a lawsuit when it first occurred because its character as a violation did not become clear until it was repeated during the limitations period." *Dasgupta v. University of Wis. Bd. of Regents*, 121 F.3d 1138, 1139 (7th Cir.1997).

The Seventh Circuit has recognized three types of continuing violations: "[i] where the exact day of the violation is difficult to pinpoint because the employer's decision making process takes place over a period of time; [ii] where the employer has a systematic, openly espoused policy alleged to be discriminatory; and [iii] where the employer's discriminatory conduct is so covert that its discriminatory character is not immediately apparent." *Place v. Abbott Laboratories*, 215 F.3d 803, 808 (7th Cir.2000), citing *Selan v. Kiley*, 969 F.2d 560, 565 (7th Cir.1992); *Moskowitz v. Trustees of Purdue Univ.*, 5 F.3d 279, 281-82 (7th Cir.1993).

The second type of a continuing violation does not apply. Rezai has not alleged a systematic discriminatory policy. The third, covert form of a continuing violation also does not apply. Rezai did not need the benefit of hindsight to realize that he was allegedly a victim of unlawful discrimination. *See Moskowitz v. Trustees of Purdue Univ.*, 5 F.3d 279, 281-82 (7th Cir.1993). The

9

alleged discrimination was overt and Rezai may not "sit back and accumulate all the discriminatory acts and sue on all within the statutory period applicable to the last one." *Id.* at 82.

The first category of continuing violation applies. Usually these types of violations involve hiring and promotions, in which the employer's decision-making process takes place over a period of time, making it difficult to determine the actual date that the allegedly discriminatory act occurred. *Freeman v. Madison Metropolitan School District*, 231 F.3d 374, 381 (7th Cir.2000), *citing Jones v. Merchants Nat. Bank and Trust Co.*, 42 F.3d 1054, 1058 (7th Cir.1994). The limitations period thus begins to run when the plaintiff knows that the employer has made an allegedly discriminatory decision. *Pickett v. Ingalls Memorial Hospital*, 2001 WL 1155276 (N.D.Ill. 2001).

Rezai alleges that in 1997, he was demoted on the basis of national origin. A failure to promote claim under § 1981 for that specific event is obviously untimely. But in addition, Rezai's failure to promote claim is not a continuing violation. Rezai has failed to identify any failure-to-promote conduct on the part of Shure during the limitations period. "Requiring plaintiffs to identify a limitations period violation is necessary to enable courts to distinguish an ongoing pattern of discrimination from non-actionable situations involving the "persisting effects of past discrimination." *Hall v. Bodine Elec. Co.*, 276 F.3d 345 (7th Cir. 2002) (citing *Freeman v. Madison Metro. School Dist.*, 231 F.3d 374, 381 (7th Cir. 2000)). In addition, Rezai was on notice of Shure's alleged discrimination. As early as 1993, Rezai claims he experienced discrimination. Am. Compl. at ¶ 24. He contends his supervisor was "trying to get rid of him." *Id.* at ¶ 53. And he was demoted in 1997. *Id.* at ¶¶ 47-53. The continuing violation doctrine simply "does not apply when a time-barred incident cannot be linked with an incident that occurred within the statutory period or when the time-barred incident alone should have triggered the plaintiff's awareness that his rights had been

violated." *EEOC v. North Gibson School Corp.*, 266 F.3d 607, 617 (7th Cir. 2001) (*cited* in *Hall*, 276 F.3d at 354).

Rezai cites *Webb v. Indiana Nat. Bank*, 931 F.2d 434 (7th Cir. 1991), for the proposition that his failure to promote claim is not time-barred because "in the case of a continuing unlawful practice, every day that the practice continues is a fresh wrong." *Id.* at 438. Rezai likens every day of his failure to receive a promotion as a "fresh wrong," deserving of the statute of limitation treatment found in *Webb*. In *Webb*, there were alleged incidences of non-promotion within the limitations period. Here there are none. *Webb* is inapposite.

The motion to dismiss Count II will be granted with respect to the failure to promote claim, and denied as to the wrongful termination claim.

## CONCULSION

The motion to dismiss the amended complaint is granted in part and denied in part. The claims for failure to promote and harassment in Counts I, III, IV, V, VI, VII, VIII, and IX are dismissed with prejudice. The failure to promote claim in Count II is dismissed with prejudice. The motion is denied in all other respects.

September 6, 2002                                          ENTER:

                                                          Suzanne B. Conlon
                                                          United States District Judge

11